UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STACEY FULLER,

            Petitioner,

    -vs-

WILLIAM BROWN, SUPERINTENDENT
EASTERN N.Y. CORRECTIONAL FACILITY

          Respondent.

_____

**DECISION AND ORDER**
**No. 10-CV-0367T**

## I.   Introduction

*Pro se* Petitioner Stacey Fuller ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered September 20, 2006, in New York State, County Court, Erie County (Hon. Timothy J. Drury), convicting him, upon a plea of guilty, of Attempted Burglary in the Second Degree (N.Y. Penal Law ("Penal Law") §§ 110.00, 140.25 [2]).   Petitioner was sentenced as a persistent violent felony offender to a term of thirteen years to life imprisonment.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.  Factual Background and Procedural History

Under Indictment No. 02154-2005, Petitioner was charged with two counts each of Burglary in the Second Degree and Criminal Possession of a Forged Instrument in the Second Degree, and one count each of Attempted Burglary in the Second Degree and Criminal

Possession of Stolen Property in the Fifth Degree.  Petitioner pleaded guilty in full satisfaction of the indictment to Attempted Burglary in the Second Degree.  He was subsequently sentenced (as promised) as a persistent violent felony offender to a term of thirteen years to life imprisonment. Plea Mins. [P.M.] 2, 5, 10, 17;  Sentencing Mins. [S.M.] 11.

On or about April 25, 2007, while Petitioner's direct appeal was pending, Petitioner filed a motion, pursuant to New York Crim. Proc. Law ("CPL") § 440.20, to vacate his sentence.  In support of his motion, he argued that his sentence was unauthorized, was illegally imposed, and was invalid as a matter of law because he was sentenced as a persistent violent felon upon a predicate 1995 conviction that was obtained in violation of his constitutional rights.  The Erie County Court denied that motion, finding that the claim had been previously found to be without merit.[1]  Leave to appeal was denied.  See Resp't Ex. D.

On December 31, 2008, the Appellate Division, Fourth Department unanimously affirmed Petitioner's judgment of conviction, finding that the issues raised on appeal were

---

[1]

The Erie County Court denied Petitioner's claim pursuant to CPL § 440.20 [3], which provides, in part, that "the court may deny . . . a motion when the ground or issue raised thereupon was previously determined on the merits upon a prior motion or proceeding . . . ." CPL § 440.20 [3].  Alternatively, the court denied this claim on the merits.  See Resp't Ex. D.

meritless.[2]  Leave to appeal was denied.  People v. Fuller, 57 A.D.3d 1461 (4th Dep't 2008) (Resp't Ex. B);  lv. denied, 13 N.Y.3d 907 (2009) (Resp't Ex. C).

On or about August 13, 2009, Petitioner filed a second motion to vacate his sentence on the same basis as his first CPL § 440.20 motion.  The Erie County Court denied that motion, finding that all of the issues raised by Petitioner had been previously raised in his prior CPL § 440.20 motion, which had been denied.  The court also held, citing CPL § 440.20 [2],[3] that Petitioner duly waived his right to controvert the constitutionality of his 1995 conviction and admitted that he was a persistent violent felony offender.  Leave to appeal was denied.  See Resp't Ex. E.

This habeas corpus petition followed, wherein Petitioner seeks relief on the grounds that: (1) his sentence was unlawfully enhanced by a prior conviction that was obtained in violation of his constitutional rights;  (2) the trial court refused to conduct a predicate felony hearing in violation of his constitutional

---

[2]

On appeal, Petitioner raised, through counsel, the following claims: (1) that his appeal waiver did not encompass his challenge to the severity of his sentence; and (2) that his sentence was harsh and excessive.  In a *pro se* supplemental brief, Petitioner raised the following claims: (1) that his sentence was unlawfully enhanced by a prior conviction that was obtained in violation of his constitutional rights; and (2) that his appeal waiver did not preclude him from challenging the legality of sentence.  See Resp't Ex. B.

[3]

Pursuant to CPL § 440.20 [2], "the court must deny . . . a motion when the ground or issue raised thereupon was previously determined on the merits upon appeal from the judgement or sentence."  CPL § 440.20 [2].

rights; and (3) he was denied the right to be "properly heard on direct appeal." See Pet. ¶ 18, Grounds One-Three (Dkt. No. 1); Mem. of Law, ¶¶ 2-43 (Dkt. No. 2); see also Resp. to Resp't Answer (Dkt. No. 14);  Mem. of Law in Resp. to Resp't Mem. of Law (Dkt. No. 15).

## III. General Principles Applicable to Habeas Review

### A.   The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not

*dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing

the trial court's assessment of witness credibility."), <u>cert. denied sub nom.</u> <u>Parsad v. Fischer</u>, 540 U.S. 1091 (2003).  A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

**B.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A);  <u>see, e.g.</u>, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843-44 (1999);  <u>accord, e.g.</u>, <u>Bossett v. Walker</u>, 41 F.3d 825, 828 (2d Cir.1994), <u>cert. denied</u>, 514 U.S. 1054 (1995).  "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), <u>cert. denied</u>, 464 U.S. 1048 (1984).

**IV.   The Merits of the Petition**

**1.   Ground One**

Petitioner argues, as he did in the state courts, that his current sentence is unconstitutional because it was enhanced by a prior conviction in 1995 that was obtained in violation of his

constitutional rights.  See Pet. ¶ 18, Ground One.  As discussed below, this claim provides no basis for habeas relief.[4]

In Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Lackawanna County Dist. Attorney v. Coss, 532 U.S. at 403-04 (citation omitted); accord, e.g., Ortiz v. New York, 75 Fed. Appx. 14, 17 n.2 (2d Cir. 2003), cert. denied, 542 U.S. 922 (2004);  White v. Kapture, 42 Fed. Appx. 672, 673-74 (6th Cir. 2002);  Jackson v. Miller, 260 F.3d 769, 773-74 (7th Cir. 2001), cert. denied, 535 U.S. 1038 (2002);  Skinner v. Duncan, 2005 U.S. Dist. LEXIS 2206, 02 Civ. 0219, *13 (S.D.N.Y. Feb. 17, 2005) (Peck, M.J.), report & rec. adopted, 2005 U.S. Dist. LEXIS 13990

---

[4]
    The Court points out that, although the parties do not dispute the procedural posture of this claim, this claim, as well as claim two, which were raised numerous times in the state courts and denied on both the merits and state procedural grounds, are, at the very least, subject to a procedural default by way of the Erie County Court's denial of Petitioner's second CPL § 440.20 motion. Nonetheless, because these claims can be easily resolved on the merits (and because they are closely interwoven with each other), the Court does so and thereby avoids unnecessary navigation through the procedural labyrinth set forth above.

(S.D.N.Y. July 11, 2005) (Cote, D.J.);  <u>Robinson v. Perlman</u>, 2003 U.S. Dist. LEXIS 18252, 02 Civ. 9302, *4 (S.D.N.Y. Nov. 4, 2003); <u>Hernandez v. New York</u>, 2003 U.S. Dist. LEXIS 16102, 99 Civ. 8657, *4 (S.D.N.Y. Sept. 15, 2003); <u>Dickens v. Filion</u>, 2002 U.S. Dist. LEXIS 21429, 02 Civ. 3450, *63-64 (S.D.N.Y. Nov. 6, 2002) (Peck, M.J.), <u>report & rec. adopted</u>, 2003 U.S. Dist. LEXIS 4661 (S.D.N.Y. Mar. 28, 2003);  <u>Cary v. Ricks</u>, 2001 U.S. Dist. LEXIS 13884, 00 Civ. 8926, *16 (S.D.N.Y. Sept. 7, 2001).

Here, Petitioner's 1995 conviction has become conclusively valid because he failed to pursue a direct appeal and appears to have unsuccessfully sought collateral review.[5]  <u>See</u> Resp't Ex. D.

The Supreme Court in <u>Lackawanna</u> recognized an exception to the general rule where "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment."  <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. at 404.  This exception has no applicability here, since Petitioner was represented by attorney Jeffrey F. Voelkl on his 1995 conviction.  <u>See</u> Resp't Ex. D.

Three Justices in <u>Lackawanna</u> recognized the possibility of another exception to the general rule where (1) a state court

---

[5]

Based on the record before this Court, it appears that Petitioner filed two CPL § 440.10 motions pertaining to the 1995 conviction.  The first motion was denied, in its entirety, pursuant to CPL § 440.10(2)(c), because Petitioner could have raised his claims in an appeal.  The second motion was denied, in part, on the merits, and, in part, pursuant to CPL § 440.10(2)(c).  <u>See</u> Resp't Ex. D.  It is not evident from the record before this Court whether Petitioner appealed the denial of either or both of these motions.

unjustifiably refused to rule on a constitutional claim that had been properly presented to it, or (2) "alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Lackawanna County Dist. Attorney v. Coss, 532 U.S. at 405. Neither of these exceptions apply to Petitioner's 1995 conviction.

Accordingly, Petitioner's claim that his allegedly unconstitutional 1995 conviction unlawfully enhanced his sentence for the instant crime provides no basis for habeas relief. The claim is therefore dismissed in its entirety.

**2.   Ground Two**

Petitioner argues, as he did in the state courts, that his sentence was obtained in violation of his constitutional rights because the trial court refused to conduct a hearing based upon his challenge to his 1995 conviction before sentencing him as a persistent violent felony offender. See Pet. ¶ 18, Ground Two. As discussed below, this claim is meritless.

A guilty plea operates as a waiver of important constitutional rights, and is valid only if done knowingly, intelligently, and voluntarily "'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742,

748 (1970)); see also Hill v. Lockhart, 474 U.S. 52, 56 (1985) (stating that a guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the petitioner).  "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal."  Bradshaw, 545 U.S. at 186 (citations omitted).  Rather, a defendant may challenge the validity of his guilty plea only if can show either that he entered into the unfavorable deal due to constitutionally-defective advice from counsel or that he could not understand the terms of the bargain.  Id. (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).  Petitioner cannot make such a showing.

Petitioner's plea, which specifically included the condition that he admit his status as a persistent violent felony offender, was knowing, voluntary and intelligent.  Prior to pleading guilty, Petitioner indicated to the court that he would be admitting his status as a persistent violent felony offender and that he understood that his sentence would be capped at thirteen years to life.  P.M. 10.  During the plea colloquy, Petitioner acknowledged: that he had sufficient time to consult with his attorney prior to deciding to plead guilty and that he was satisfied with his attorney's representation;  that, although he felt he needed medication, it "should not be a problem";  that he understood what was happening during the plea colloquy;  that he had not taken

drugs or alcohol within the past day;  that no one had threatened or coerced him in any way to plead guilty;  and that he was pleading guilty voluntarily and of his own free will.  P.M. 11-13.

The record further reflects that Petitioner also indicated to the court that he understood all of the direct consequences of the plea.  Petitioner indicated: that he understood that a plea of guilty is the same as a conviction after trial;  that he understood that he was waiving certain rights, including his right to a jury trial, the privilege against self-incrimination, and the right to confront his accusers.  P.M. 13-14.  Petitioner also acknowledged to the court that:  no one had made any promises to him in regards to his sentence or any other part of the case, except to the sentence agreed-upon, which included the court's cap of the sentence;  and, that he understood the sentence he was facing and the court's cap of the sentence.  P.M. 14-15.

Moreover, the record reflects that the court read Petitioner the count of the indictment to which he would be pleading guilty. Petitioner indicated that he understood the charge, and admitted that he committed the act, as alleged by the prosecution, in support of his plea of guilty to the charge.  P.M. 15-17.

Finally, Petitioner acknowledged to the court that he understood that the District Attorney conditioned his plea on admitting his status as a persistent violent felony offender, and that he was prepared to do so at sentencing.  P.M. 18.  Petitioner

-11-

also understood that he was required to waive his right to appeal his conviction and agreed to do so.  P.M. 18-19.

At sentencing, however, Petitioner indicated to the court that he had changed his mind and wished to challenge his predicate convictions.  S.M. 5.  When the court stated that the plea would be negated and a trial commenced if Petitioner indeed wished to challenge the predicate convictions, Petitioner indicated that he wished to accept the plea.  Petitioner then admitted his status as a persistent violent felony offender, and was sentenced in accordance therewith.  S.M. 9-12.

Based on the record, Petitioner's contention that his constitutional rights were violated as a result of the trial court's refusal to conduct a persistent violent felony offender hearing is meritless.  As set forth above, Petitioner was required to admit his status as a persistent violent felony offender as a condition of the plea, which Petitioner understood and agreed to, despite his initial expression of apprehension at sentencing.

Accordingly, the Court cannot find that the state courts' adjudication of this claim contravened or unreasonably applied settled Supreme Court law, and the claim is therefore dismissed in its entirety.

3.  **Ground Three**

Petitioner contends, in what appears to be an extension of the first two grounds of the habeas petition, that he was not "properly

heard on direct appeal" because the Appellate Division determined that the arguments presented in his *pro se* supplemental brief (which are, in sum and substance, the same claims he raises at grounds one and two of the instant petition) were meritless.

This claim provides no basis for habeas relief since the state courts' adjudication of Petitioner's *pro se* appellate claims did not contravene or unreasonably apply settled Supreme Court law (see Sections "IV, 1 and 2" above).

Furthermore, Petitioner's argument, as a stand-alone claim, that he was not properly heard on direct appeal (by the Appellate Division) is belied by the record.   The record is clear that Petitioner was afforded, and indeed took advantage of, the opportunity to plead guilty and received the agreed-upon sentence. A specific condition of the plea was that Petitioner would admit his status as a persistent violent felony offender and agree to be sentenced accordingly.   The only remedy that Petitioner had to contest his status was to refuse to admit his guilt, allow him to withdraw his plea, and proceed to trial.   Instead, he chose to admit his status as a persistent violent felony offender and was sentenced, as promised, to a term of imprisonment of thirteen years to life.   This sentence was legal and was within the limits prescribed by New York law.   See Penal Law §§ 110.00, 140.25 [2], 70.08.   Petitioner then appealed his judgment of conviction, and the Appellate Division, Fourth Department properly denied his

-13-

appellate arguments on the merits.  Accordingly, Petitioner's claim does not warrant habeas relief and is dismissed in its entirety.

## V.    Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed.  Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:      September 1, 2011
            Rochester, New York